UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH DEWAYNE HILL,

    Petitioner,

v.

    Case No. 18-CV-13792

    Hon. George Caram Steeh

THOMAS WINN,

    Respondent.
_____/

## OPINION AND ORDER DIRECTING RESPONDENT TO SERVE A COPY OF THE ANSWER ON COUNSEL OF RECORD AND GRANTING PETITIONER AN EXTENSION OF TIME TO FILE A REPLY BRIEF

    Kenneth Dewayne Hill, ("Petitioner"), filed a habeas corpus petition, challenging his state convictions for first-degree felony murder, armed robbery, conspiracy to commit armed robbery, and possession of a firearm in the commission of a felony. His petition is signed by attorney Jeffrey G. Collins and also by petitioner. Mr. Collins also signed a certificate of service.[1] Respondent filed an answer to the petition but did not serve a copy of the answer on Mr. Collins, choosing instead only to serve a copy on petitioner at the prison where he is incarcerated.[2]

---

[1] ECF No. 1, PageID.6, PageID.16.
[2] ECF No. 5, PageID.59.

- 1 -

E.D. Mich. L.R. 83.25 (a) states:

An attorney appears and becomes an attorney of record by filing a pleading or other paper or a notice of appearance. The attorney's office address, e-mail address, and telephone number must be included in the appearance.

Mr. Collins never filed a separate notice of appearance, but he did sign the petition for a writ of habeas corpus, eliminating the necessity for filing a personal appearance per E.D. Mich. L.R. 83.25. *BRP Acquisition Grp., Inc. v. Principal Life Ins. Co.*, No. 11-CV-12286, 2012 WL 4449654, at *3 (E.D. Mich. Sept. 25, 2012). The docket report has been corrected to reflect that Jeffrey G. Collins is the attorney of record.

An answer to a petition for a writ of habeas corpus must be served on a habeas petitioner's attorney of record. *See Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1076 (11th Cir. 2014). This Court orders respondent to serve a copy of the answer to the petition for a writ of habeas corpus on Jeffrey G. Collins within seven days of this order.

Petitioner's counsel is granted **sixty (60) days** from the date of the receipt of respondent's answer to file a reply brief if he so chooses. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* No. 04-CV-73293, 2005 WL 1838443, *4 (E.D. Mich. Aug. 1, 2005). A

court does not need to grant a habeas petitioner an extension of time to file a reply brief unless it would "assist the Court in a fair disposition of the matter." *Cf. Williams v. White*, 183 F. Supp. 2d 969, 979 (E.D. Mich. 2002). This Court believes that the Court will benefit from a reply brief and will grant petitioner an extension of sixty days to file a reply brief if his counsel chooses to file one.

**IT IS HEREBY ORDERED** that:

(1) Respondent shall serve a copy of the answer on Attorney Jeffrey G. Collins within **seven (7) days** of this order.

(2) Petitioner's counsel has **sixty (60) days** from receipt of the answer to file a reply brief, if he so chooses.

Dated:  March 9, 2021

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 9, 2021, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk